UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TOTAL WELDING SOLUTIONS L L C | CASE NO. 6:19-CV-01005 |
| VERSUS | JUDGE SUMMERHAYS |
| SHALE SUPPORT MASTER U S HOLDINGS L L C | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment, Rec. Doc. [26] filed by Plaintiff Total Welding Solutions LLC ("Total Welding"). No response to the Motion has been timely filed.

## I.
### BACKGROUND

Shale Support Louisiana Holdings, LLC ("Shale Support LA") acquired the mine and operations located in Kinder, Louisiana and operated by Kinder Mine Asset Holdings, LLC ("Kinder Mine") in 2018.[1] Pursuant to a Service Provider Agreement dated September 10, 2018, Shale Support LA, Kinder Mine and SFM Mine Assets Holding, LLC, identified Total Welding, to perform work or provide materials to them from time to time pursuant to certain work orders or purchase orders which terms would govern the parties' relationship.[2] From February 2019 through April 2019, Total Welding performed various work projects for Shale Support LA at its plant and invoiced Shale Support LA pursuant to instructions agreed upon by the parties.[3] Also from February 2019 through April 2019, Total Welding performed various work projects for Kinder

---

[1] Statement of Material Facts (Doc. 26-2), paragraph 1.
[2] Id., paragraph 2.
[3] Id., paragraph 5.

1

Mine at its plant and invoiced Kinder Mine pursuant to instructions agreed upon by the parties.[4] Total Welding issued a series of invoices to Shale Support LA for work performed at its plant, five of which are now outstanding.[5] Total Welding also issued a series of invoices to Kinder Mine for work performed at its plant, nine of which are now outstanding.[6] Shale Support LA and Kinder Mine failed to timely pay their invoices as agreed, which left Total Welding with unpaid obligations from Shale Support LA in the amount of $43,670.00 which accrued during the period of February 12, 2019 to April 16, 2019, and an unpaid obligation from Kinder Mine in the amount of $90,962.68 within the period of February 11, 1 2019 to April 17, 2019.[7] Total Welding made a demand on Shale Support LA, and Kinder Mine in its Amended Complaint, on August 14, 2019, for the balance due on the open account in the amount of $119,132.68.[8] This is the total amount currently due and owing Total Welding from both Shale Support LA and Kinder Mine combined.[9] Total Welding made further demand on Kinder Mine in its Second Amended Complaint, filed on October 8, 2019, for the balance due on its open account in the amount of $75,462.68, which is the amount due from Kinder Mine.[10] Total Welding made further demand on Shale Support LA in its Second Amended Complaint, filed on October 8, 2019, for the balance due on its open account in the amount of $43,670.00, which is amount due from Shale Support LA.[11]

---

[4] Id., paragraph 8.
[5] Id., paragraph 12.
[6] Id., paragraph 13.
[7] Id., paragraph 14.
[8] Id., paragraph 17.
[9] Id.
[10] Id., paragraph 18.
[11] Id., paragraph 19.

451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**B. Louisiana Open Account Law.**

Louisiana's open account statute is set forth in La. R.S. 9:2781, which provides that, when any person fails to pay an open account within thirty days after the claimant sends written demand therefor which correctly sets forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Under the statute, citation and service of a petition shall be deemed written demand. In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. *Metal Coatings, L.L.C. v. Petroquip Energy Services, L.P.*, 970 So.2d 695, 698 (2007). An "open account" includes "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. R.S. 9:2781(D). Louisiana courts consider several factors in determining whether an open account exists, including: "(1) whether other business transactions between the parties existed; (2) whether one party extended a line of credit to another; (3) whether there are running or current dealings; and (4) whether there are expectations of future dealings." *Technical Engineering Consultants, LLC v. Beall*, 2012 WL 4141425 at *3 (E.D. La. 9/14/2012).

4

The evidence submitted by Plaintiff clearly establishes the existence of an open account. The relevant relationship between the parties involved a series of transactions: Total Welding issued a series of invoices to Shale Support LA for work performed at its plant, five of which are now outstanding.[12] Total Welding also issued a series of invoices to Kinder Mine for work performed at its plant, nine of which are now outstanding.[13] The amount due on those accounts fluctuated as Total Welding continued to perform work and issue invoices and as Shale Support LA and Kinder Mine made payments on their accounts.[14] Since Shale Support LA and Kinder Mine failed to timely pay their invoices as agreed, essentially, Total Welding extended a line of credit to Shale Support LA in the amount of $43,670.00 within the period of February 12, 2019 to April 16, 2019, and a line of credit to Kinder Mine in the amount of $90,962.68 within the period of February 11, 2 2019 to April 17, 2019.[15] Additionally, the emails between the parties during this time confirm the parties' expectations of future dealings.[16] Neither Shale Support La nor Kinder Mine paid anything on the outstanding amount within 30 days of either the August 14, 2019 demand or the October 8, 2019 demand. Accordingly, Total Welding is entitled to recover the outstanding balance of $43,670.00 from Shale Support LA and $75,462.68 from Kinder Mine, with reasonable attorney's fees incurred in collecting on this claim, along with legal interest on the outstanding balance from the time those sums became due.

Once a *prima facie* case of an open account has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account, or to prove the debtor is entitled to certain credits. *Metal Coatings, L.L.C. v. Petroquip Energy Services, L.P.*, 97 So.2d 695, 698 (La.

---

[12] Id., paragraph 1 and 7, and Exhibit B.
[13] Id., paragraph 11, and Exhibit D.
[14] Id., paragraph 7 and 11.
[15] Id., paragraph 11.
[16] Id., paragraph 26 and Exhibit N.

App. 3 Cir. 11/21/07). Here, Shale Support LA and Kinder Mine have not responded to the pending Motion to dispute any of the evidence submitted by Plaintiff.

Based upon the summary judgment record, the Court finds that there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law. The Motion for Summary Judgment is GRANTED. Counsel for Plaintiff shall submit a Judgment in conformity with the foregoing reasons.

THUS DONE in Chambers on this 17th day of January, 2020.

Robert R. Summerhays
United States District Judge